IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-00745-RPM

SONNIE F. GUSTAMANTES,

          Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner,
Social Security Administration.,

          Defendant.

_____

ORDER AFFIRMING DECISION
_____

The application of Sonnie F. Gustamantes for Supplemental Security Income was denied based on the decision of an Administrative Law Judge ("ALJ") on May 26, 2005, that despite multiple impairments the claimant has the residual functional capacity for the full range of sedentary work.  In this judicial review under 42 U.S.C. § 405(g) the plaintiff contends that the ALJ's conclusion that the documented impairments of heart condition, hemachromatosis, sleep apnea, hypertension, affective disorder and left shoulder impairment are non-severe and that claimant does not suffer from obesity is not supported by substantial evidence in the record or applicable law. The plaintiff also argues that the ALJ failed to consider whether the combination of these impairments with the acknowledged severe impairments of mild chronic obstructive pulmonary disease and right ankle impairment prevent Mr. Gustamantes from performing any substantial gainful activity, considering the subjective complaints

of pain and the limitations in daily activities reported by the plaintiff.  The ALJ found that the plaintiff was generally not a persuasive witness and that his poor work history detracts from his credibility with respect to his ability to work.  That finding is criticized for the failure to articulate specific reasons, considering the use of medication, attempts to obtain relief and the other relevant factors.  Finally, the ALJ is criticized for giving no weight to the opinion of the physician's assistant, Mike Guillette, PA-C, who saw the claimant regularly at the Mancos Valley Clinic.  His opinion is expressed in a letter, dated December 8, 2004, as follows:

> Mr. Gustamantes has a diagnosis of Hemachromatosis and will need phlebotomies every 2 weeks for the forseeable future.  He also has several serious cardiac and pulmonology problems that severely limit his ability to perform any sort of stressfull activities.  Additionally, he has severe arthritis in his right ankle that limits his activities while standing or walking.
>
> Please contact me if you require additional information, although I expect that from a medical standpoint he is completely disabled.
>
> R.406

Apart from any question as to whether a physician's assistant is an "acceptable medical source" under 20 C.F.R. § 416.913, the letter is insufficient because as the ALJ noted, Mr. Guillette does not identify work-related limitations and the opinion is consistent with the ALJ's residual functional capacity decision.

There is a complex medical history in the record with extensive testing and treatment for the conditions complained of and extensive efforts to assist this claimant.  What is also shown is that Mr. Gustamantes has not been compliant with the prescribed medications and treatment.  He has a long history of substance abuse with an apparent addition to tobacco and alcohol.  The record shows that effective

measures to control the diagnosed conditions have been available to this plaintiff but he has failed to follow the instructions given to him.

At the hearing before the ALJ in Durango on November 30, 2004, the claimant's counsel was given a full opportunity to elicit the plaintiff's testimony as to the effects of the diagnosed conditions but did so in a perfunctory manner, providing little support for his claim of disability.

Upon review of the record, the necessary conclusion is that the ALJ's decision is a fair evaluation of the medical and employment record, without legal error. There being sufficient support for that decision, it is

ORDERED that the decision is affirmed.

DATED: May 25th , 2007

                                                BY THE COURT:

                                                s/Richard P. Matsch

                                                _____
                                                Richard P. Matsch, Senior Judge